UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

JOHNSON & JOHNSON, ETHICON, INC., and ETHICON US, LLC,

    Plaintiffs,

v.

XS SUPPLY, LLC, JON M. BIRD, TYLER BERGER, IVAN RODIMUSHKIN, DAVID W. LONGDUE III, and BRENDAN THOMAS,

    Defendants.

Case No. 8:19-cv-1673-T-33AEP

**FILED *EX PARTE* AND UNDER SEAL PURSUANT TO 15 U.S.C. § 1116**

---

### PLAINTIFFS' EMERGENCY MOTION TO SEAL PURSUANT TO 15 U.S.C. § 1116 AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Rule 1.09 of the Local Rules for the Middle District of Florida and 15 U.S.C. § 1116, Plaintiffs Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC (collectively, "Ethicon" or "Plaintiffs"), by and through their undersigned counsel, respectfully request leave of the Court to file under seal the documents submitted contemporaneously therewith. In support of this motion, Plaintiffs respectfully state as follows:

### LEGAL STANDARD

Rule 1.09(b) of the Local Rules for the Middle District of Florida sets forth the procedural requirements with which a party must comply when seeking to file under seal pursuant to a statute. The Rule provides, in pertinent part:

> If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes: (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal. The movant shall submit to the Clerk along with a motion under this section each item proposed for sealing. Every order sealing any item pursuant to this section shall state the particular reason the seal is required and shall identify the statute, rule, or order authorizing the seal.

M.D. Fla. R. 1.09(b).

## ARGUMENT

In a trademark infringement action, a party may move *ex parte* for an order providing for the seizure of counterfeit marks or goods and the records documenting manufacture, sale, or receipt of such counterfeits. 15 U.S.C. § 1116(d)(1)(A). The moving party must support its application through affidavits and other information demonstrating that it meets several statutory requirements. *Id.* § 1116(d)(3). Pursuant to statute, the seizure order and all supporting documents included in the application "*shall be sealed until the person against whom the order is directed has an opportunity to contest such order, except that any person against whom such order is issued shall have access to such order and supporting documents after the seizure has been carried out.*" § 1116(d)(8) (emphasis added).

The items submitted for sealing are: (1) Plaintiffs' proposed *ex parte* Seizure Order; (2) Plaintiffs' Emergency Motion and Memorandum of Law in support of Plaintiffs' *ex parte* Seizure Order; (3) the second Declaration of Plaintiffs' counsel

Geoffrey Potter, together with supporting exhibits; (4) the second Declaration of Plaintiffs' employee Roy Albiani; (5) the Declaration of private investigator Hannah Coleman; and (6) this emergency motion to seal.[1]

All of the items submitted for sealing are within the bounds of the sealing provision of 15 U.S.C. § 1116(d)(8), as the items support Plaintiffs' application for an *ex parte* seizure order of counterfeit marks and related records.  Moreover, sealing all of the submitted items fulfills the statutory goal of preserving the secrecy of this action until after the seizure has been executed and Defendants have had time to contest the seizure order.

As required by 15 U.S.C. § 1116, Plaintiffs request that the *ex parte* seizure order and all supporting documents included in the application for it be sealed until Defendants have had the opportunity to contest the seizure order, except that Defendants themselves be permitted access to the order and supporting documents after the seizure has been executed.  As required by the statute, Plaintiffs request that the hearing to confirm the seizure order be scheduled no sooner than ten days from the date of the seizure order and not later than fifteen days from the date of the seizure order.

## CONCLUSION

For the above-stated reasons, the Court should grant Plaintiffs' Motion to Seal Pursuant to 15 U.S.C. § 1116, and should award any other and further relief that the Court may deem just and proper.

---

[1] Plaintiffs also filed a motion to seal on July 11, 2019, requesting the Court's permission to file under seal a separate set of documents.

Dated: July 12, 2019

                    Respectfully submitted,

                    */s/ Alice R. Huneycutt*
                    ALICE R. HUNEYCUTT
                    Florida Bar No. 293105
                    STEARNS WEAVER MILLER WEISSLER
                      ALHADEFF & SITTERSON, P. A.
                    SunTrust Financial Centre, Suite 2100
                    401 E. Jackson Street (33602)
                    Post Office Box 3299
                    Tampa, Florida  33601
                    Telephone:  (813) 222-5031
                    Facsimile:   (813) 222-5089
                    Primary:  ahuneycutt@stearnsweaver.com
                    Secondary:  mkish@stearnsweaver.com

                    and

                    GEOFFREY POTTER
                    Trial Counsel
                    ARON FISCHER
                    TIMOTHY WATERS
                    PATTERSON BELKNAP WEBB &
                     TYLER LLP
                    1133 Avenue of the Americas
                    New York, NY  10036-6710
                    Telephone:  (212) 336-2000
                    Fax:  (212) 336-2222
                    gpotter@pbwt.com
                    afischer@pbwt.com
                    twaters@pbwt.com
                    *M.D. Fla. Admission Pending*

                    *Attorneys for Plaintiffs Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC*