UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNSON & JOHNSON, ETHICON, INC., and
ETHICON US, LLC,

        Plaintiffs,

v.                                    Case No. 8:19-cv-1673-T-33AEP

XS SUPPLY, LLC, JON M. BIRD, TYLER
BERGER, IVAN RODIMUSHKIN, DAVID W.
LONGDUE III, and BRENDAN THOMAS,

        Defendants.

                                            /

## <u>ORDER</u>

This cause comes before the Court upon the request of Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC (together, "Ethicon" or "Plaintiffs") for expedited discovery (Doc. 3). Under Rule 26, Federal Rules of Civil Procedure, a party may not seek discovery from any source prior to the conference required by Rule 26(f), except in certain circumstances, including by court order. Fed. R. Civ. P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *see also SATA GmbH & Co. Kg v. Wenzhou new Century Int'l, Ltd.,* Case No. CV 15-08157-BRO (Ex), 2015 WL 6680807, at *11 (C.D. Cal. Oct. 19, 2015) (applying a good-cause standard to determine whether expedited discovery was warranted in a case involving claims under 15 U.S.C. § 1116 regarding counterfeit goods); *Dell Inc. v. BelgiumDomains, LLC*, No. Civ. 07-22674, 2007 WL 6862341, at *6 (S.D. Fla. Nov. 21, 2007) (adopting a good-cause or reasonableness standard for granting expedited discovery and finding that 15 U.S.C. § 1116(d)(10)(B) specifically contemplates accelerated discovery). Upon consideration of the

Complaint (Doc. 1) and motion seeking expedited discovery (Doc. 3),[1] and the declarations filed in support thereof (Docs. 4-11), Plaintiffs demonstrated good cause for expedited discovery in this case.  Accordingly, it is hereby

ORDERED:

1.      Plaintiffs' motion for expedited discovery (Doc. 3) is GRANTED.

2.      Plaintiffs may immediately serve discovery requests upon each Defendant and subpoenas upon any non-party believed to have information relevant to this action.

3.      Defendants to this action and any non-party served with a subpoena in this action shall respond to requests to produce documents on or before July 24, 2019.  Defendants to this action shall respond to interrogatories on or before July 24, 2019.  Plaintiffs may take the deposition of any Defendant or any non-party witness, upon notice in writing to every other party of at least three calendar days.

4.      Expedited discovery shall apply to Defendants existing as of the date of this Order and to all future Defendants to this action.

5.      All discovery pertaining to Defendants shall proceed on an expedited basis without the need to comply with the time limits provided by the Federal Rules of Civil Procedure.

6.      The Clerk is DIRECTED to provide a copy of this Order to Plaintiffs.

---

[1] In its entirety, the motion seeks injunctive relief, an order to show cause, an *ex parte* seizure order, and an *ex parte* order freezing Defendants' assets (Doc. 3).  The Court already denied Plaintiffs' request for a temporary restraining order (Doc. 18) and denied as moot Plaintiffs' request for an *ex parte* seizure order (Doc. 32).  Accordingly, pursuant to the district judge's order of referral (Doc. 19), the request for a preliminary injunction and for an order to show cause remain pending before the undersigned.

3

DONE AND ORDERED in Tampa, Florida, on this 15th day of July, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:      Plaintiffs