UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

JOHNSON & JOHNSON, ETHICON, INC., and ETHICON US, LLC,

     Plaintiffs,

v.

XS SUPPLY, LLC, JON M. BIRD, TYLER BERGER, IVAN RODIMUSHKIN, DAVID W. LONGDUE III, BRENDAN THOMAS, LION HEART SURGICAL SUPPLY LLC, LION HEART SURGICAL SUPPLY CORP., FABIAN CONDE, JANAINA D. NASCIMENTO, PURE CARE TRADERS F.Z.E., ALI HUSSAIN, VERY NICE DEALS, INC. d/b/a AK GLOBAL MED, ASHRAF ABUKHALAF, M/S MEDSERVE, and PRITAMDAS ARORA,

     Defendants.

Case No. 8:19-cv-1673-T-33AEP

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

---

  On consent of Plaintiffs Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC (together, "Ethicon"), and Defendants XS Supply, LLC ("XS Supply"), Jon M. Bird ("Bird"), Tyler Berger ("Berger"), Ivan Rodimushkin ("Rodimushkin"), David W. Longdue III ("Longdue"), and Brendan Thomas ("Thomas") (each, an "XS Supply Defendant," and together, the "XS Supply Defendants"), it is hereby ORDERED, ADJUDGED, AND DECREED:

  WHEREAS, on October 4, 2019, the Court granted Ethicon's motion to file a Second Amended Complaint in *Johnson & Johnson et al. v. XS Supply, LLC et al.*, No. 8:19-cv-11673-T-33AEP (the "Action") in the United States District Court for the Middle District of Florida (the "Court"), asserting claims for, among other things, federal trademark infringement, false description and

designation of origin in commerce, federal false advertising, federal and state trademark dilution, state deceptive and unfair trade practices, common law unfair competition, and common law unjust enrichment, and alleging that the XS Supply Defendants, without authorization from Ethicon, purchased, marketed, advertised, distributed, sold, offered for sale, and otherwise used in commerce in the United States counterfeit SURGICEL® Absorbable Hemostats, all of which claims, Ethicon has alleged, have given rise to significant damages;

WHEREAS, on August 19, 2020, the XS Supply Defendants filed crossclaims against Defendants Lion Heart Surgical Supply LLC, Lion Heart Surgical Supply Corp., Fabian Conde, and Janaina D. Nascimento (together, "Lion Heart"), asserting claims for breach of contract, breach of statutory warranties, negligence, common law indemnity, and unjust enrichment, all of which claims, the XS Supply Defendants have alleged, have given rise to significant damages;

NOW THEREFORE:

1. XS Supply, Bird, Berger, and Rodimushkin, along with their respective principals, agents, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert or participation with them, are permanently enjoined from manufacturing, buying, selling, importing, marketing, advertising, distributing, or in any way using in United States commerce any goods, including authentic goods, bearing any of the following marks, or any reproduction, counterfeit, copy, colorable imitation of, or any logo, trade name, or trademark confusingly similar to any of the following marks, or otherwise infringing or diluting any of the following marks (the "Ethicon Marks"):

- "Ethicon" (Reg. No. 662658)

- **ETHICON** (Reg. No. 599432)

2. XS Supply, Bird, Berger, and Rodimushkin, along with their respective principals, agents, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert or participation with them, are further permanently enjoined from mentioning "Ethicon" or using any of the Ethicon Marks in its publicity, promotion, or advertising, including, without limitation, on any domain name, website, uniform resource locator (URL), Internet store, or

12767728v.4

online marketplace platform, including, without limitation, eBay, Amazon, and Alibaba.

3. XS Supply, Bird, Berger, and Rodimushkin, along with their respective principals, agents, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert or participation with them, are further permanently enjoined from using any logo, trade name, or trademark that is calculated to falsely represent or that has the effect of falsely representing that the services or products of any of the XS Supply Defendants are sponsored by, authorized by, or in any way associated with Ethicon, or affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being Ethicon products, or engaging in any act that is likely to cause the trade, retailers, or members of the purchasing public to believe that any of the XS Supply Defendants is associated with Ethicon.

4. Longdue and Thomas are enjoined from all of the activities described in Paragraphs 1 through 3 above for the duration of their employment with, or ownership of any portion of, XS Supply, or any other company currently or prospectively owned by Berger, Bird, and/or Rodimushkin.

5. Nothing in the preceding paragraphs is intended to enjoin individual employees, officers, or principals of XS Supply from having products bearing any of the Ethicon Marks used as part of their personal health care.

6. If from time to time XS Supply accidentally, inadvertently, or otherwise comes into possession of products bearing any of the Ethicon Marks, then XS Supply shall immediately isolate the product from the remainder of XS Supply's inventory and shall promptly provide notice to Ethicon in accordance with paragraph 10 below, and shall at Ethicon's election either destroy the product or deliver it to Ethicon. XS Supply shall for a period of four years maintain a record of all transactions involving products bearing any of the Ethicon Marks.

7. Within fourteen (14) days of the entry of this Consent Judgment and Permanent Injunction, XS Supply shall destroy all products bearing the Ethicon Marks in its possession, custody, or control. Ethicon shall have the right to designate up to two observers to witness the destruction of the products and record it by photographic or videographic means. XS Supply shall

12767728v.4

coordinate with Ethicon to accommodate the presence of the designated observers.

8. XS Supply and its principals, including, but not limited to, Berger, Bird, and Rodimushkin, may not invest in, control, have any direct or indirect ownership interest in, work for, lend money to, or participate in any business that sells, manufactures, or distributes any products bearing any of the Ethicon Marks. However, nothing in this Consent Judgment and Permanent Injunction shall prohibit any XS Supply Defendant from owning less than 10% of any publicly traded company.

9. Ethicon and the XS Supply Defendants shall comply with the Confidentiality Order, Docket No. 154, entered in this Action with regard to the use, maintenance, and eventual return or destruction of Confidential Information (as defined in the Confidentiality Order). Within sixty (60) days after a final judgment has been entered as to all Defendants in this Action, including appeals, UnitedLex Corp., which the Court appointed as the custodian for records seized from XS Supply and its employees and principals in July 2019, shall at the election of XS Supply destroy or return to XS Supply all electronic and physical records and data in its possession that were seized from XS Supply and its employees and principals in July 2019.

10. All notices required by this Consent Judgment and Permanent Injunction must be transmitted simultaneously by electronic mail (with PDF attachments, as necessary) **and** by nationally recognized overnight courier to the following addresses:

> If to Ethicon:
>
> Geoffrey Potter
> Patterson Belknap Webb & Tyler LLP
> 1133 Avenue of the Americas
> New York, NY 10036
> Email: gpotter@pbwt.com
> With a copy to:
>
> Ethicon, Inc.
> Attn: VP, Law
> Route 22 West
> Somerville, New Jersey 08876

12767728v.4

If to the XS Supply Defendants:

Gus Centrone
Kynes Markman & Felman, P.A.
100 S. Ashley Drive, Suite 1450
Tampa, Florida 33602
Email: GCentrone@kmf-law.com

With a copy to:

XS Supply, LLC
10360 72nd St., #820
Largo, FL 33777

11. Ethicon, on behalf of itself and its respective officers, directors, owners, affiliated entities, predecessors, successors, assigns, agents, and representatives (collectively, the "Ethicon Releasors") release the XS Supply Defendants from any and all known and unknown claims, causes of action, or demands of any nature, existing from the beginning of the world through the date of this Consent Judgment and Permanent Injunction, including any claims for the sale of products that are materially different from products manufactured, distributed, marketed or sold by or for Ethicon, except that Ethicon specifically does not release any claims against the XS Supply Defendants for contribution, indemnification, reimbursement or attorneys' fees in any future product liability or other lawsuit brought against Ethicon that is related to or arises out of the XS Supply Defendants' sale of counterfeits or Ethicon products.

12. Each of the XS Supply Defendants on behalf of themselves and their respective predecessors, successors, assigns, agents, and representatives, including but not limited to its employees and agents, release the Ethicon Releasors from any and all known and unknown claims, causes of action, or demands of any nature, existing from the beginning of the world through the date of this Consent Judgment and Permanent Injunction.

13. If the Court finds that any of the XS Supply Defendants have violated the prohibitions of this Consent Judgment and Permanent Injunction or that XS Supply has failed to maintain complete records of purchase and/or sale of any products bearing any of the Ethicon Marks, Ethicon is entitled at its election either to liquidated damages of one hundred times (100x) the list price of the authentic product that any of the XS Supply Defendants sold (or had sold on its behalf by its principals, agents, attorneys, members, servants, employees,

12767728v.4

directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert or participation with them in violating this Consent Judgment and Permanent Injunction) that violate this Consent Judgment and Permanent Injunction; or to Ethicon's actual, statutory, and punitive damages as may be permitted by law. In any action, regardless of which measure of damages Ethicon selects, Ethicon shall be entitled to recover its attorneys' fees and investigator fees for finding and demonstrating that any XS Supply Defendant has violated this Consent Judgment and Permanent Injunction. Any liability would be joint and several among XS Supply and its principals.

14. Ethicon and the XS Supply Defendants all agree that jurisdiction and venue for an action for contempt of or violation of this Consent Judgment and Permanent Injunction exists in the United States District Court for the Middle District of Florida. In such an action, the XS Supply Defendants shall and hereby waive any and all defenses based upon personal jurisdiction and venue.

15. This Consent Judgment and Permanent Injunction is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby dismissed, with prejudice, only as to the XS Supply Defendants, without costs or attorneys' fees, save that this Court shall retain jurisdiction over this action, including, without limitation, over implementation of or disputes arising out of this Consent Judgment and Permanent Injunction with regard to the XS Supply Defendants, including XS Supply's principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries. Ethicon, in addition to any award of damages or injunctive relief, shall be entitled to an award of attorneys' fees and costs and investigators' fees and costs in connection with a violation of this Consent Judgement and Permanent Injunction by the XS Supply Defendants, including any of their respective principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries.

16. XS Supply's crossclaims against Lion Heart are hereby dismissed, with prejudice, without costs or attorneys' fees, save that this Court shall retain jurisdiction over this action, including, without limitation, over implementation of or disputes arising out of this Consent Judgment and Permanent Injunction with regard to the XS Supply Defendants or its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries.

12767728v.4

17. The entry of this Consent Judgment and Permanent Injunction does not constitute an admission of liability of any party hereto.

18. Signatures to this Consent Judgment and Permanent Injunction transmitted electronically or by facsimile shall be deemed original.

Dated: June 21, 2021

CONSENTED AND AGREED TO BY:

_____
ALICE R. HUNEYCUTT
Florida Bar No. 293105
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P. A.
401 E. Jackson Street, Suite 2100 (33602
Post Office Box 3299
Tampa, Florida 33601
Telephone: (813) 222-5031
Primary: ahuneycutt@stearnsweaver.com
Secondary:dclarke-argo@stearnsweaver.com

and

_____
GEOFFREY POTTER
Lead Counsel
TIMOTHY A. WATERS
JACQUELINE LASH
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222
gpotter@pbwt.com
twaters@pbwt.com
jlash@pbwt.com

_____
KATHERINE EARLE YANES
Florida Bar No. 159727
JAMES E. FELMAN
Florida Bar No. 775568
GUS M. CENTRONE
Florida Bar No. 0030151
KYNES MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Suite 1450
Tampa, Florida 33602
Telephone: (813) 229-1118
Facsimile: (813) 221-6750
KYanes@kmf-law.com
JFelman@kmf-law.com
GCentrone@kmf-law.com

*Attorneys for Defendants XS Supply, LLC, Jon M. Bird, Tyler Berger, Ivan Rodimushkin, David W. Longdue III, and Brendan Thomas*

12767728v.4

*Attorneys for Plaintiffs Johnson & Johnson, Ethicon, Inc., and Ethicon US, LLC,*

Johnson & Johnson

By: _____

Ethicon, Inc.

By: _____

Ethicon US, LLC

By: _____

XS Supply, LLC

By: *TylerBerger*

Tyler Berger

By: *TylerBerger*

Jon M. Bird

By: *[signature]*

Ivan Rodimushkin

By: *[signature]*

David W. Longdue III

By: *[signature]*

Brendan Thomas

By: *[signature]*

12767728v.4

Johnson & Johnson

By: *Marci A. Blazer*

Ethicon, Inc.

By: _____

Ethicon US, LLC

By: _____

XS Supply, LLC

By: _____

Tyler Berger

By: _____

Jon M. Bird

By: _____

Ivan Rodimushkin

By: _____

David W. Longdue III

By: _____

Brendan Thomas

By: _____

Johnson & Johnson

By: _____

Ethicon, Inc.

By: Oray B. Boston Jr. *(Digitally signed by Oray B. Boston Jr. DN: cn=Oray B. Boston Jr., o=Ethicon, ou=Biosurgery, email=oboston@its.jnj.com, c=US. Reason: I attest to the accuracy and integrity of this document. Date: 2021.06.22 15:51:15 -04'00'. Adobe Reader version: 11.0.20)*

Ethicon US, LLC

By: _____

XS Supply, LLC

By: _____

Tyler Berger

By: _____

Jon M. Bird

By: _____

Ivan Rodimushkin

By: _____

David W. Longdue III

By: _____

Brendan Thomas

By: _____

Johnson & Johnson

By: _____

Ethicon, Inc.

By: _____

Ethicon US, LLC

By: *Nefertiti Greene*
Digitally signed by Nefertiti Greene
DN: cn=Nefertiti Greene, o, ou, email=ngreene5@its.jnj.com, c=US
Reason: I attest to the accuracy and integrity of this document.
Date: 2021.06.11 15:39:11 -04'00'
Adobe Reader version: 11.0.20

XS Supply, LLC

By: _____

Tyler Berger

By: _____

Jon M. Bird

By: _____

Ivan Rodimushkin

By: _____

David W. Longdue III

By: _____

Brendan Thomas

By: _____

SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

12767728v.4